IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGINIA SURETY COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09 C 7333 |
| | ) | |
| CERTAIN UNDERWRITERS AT LLOYD'S, | ) | |
| LONDON, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Certain Underwriters at Lloyd's, London ("Lloyd's of London") have filed a Notice of Removal ("Notice") to bring this action from its place of origin in the Circuit Court of Cook County to this District Court, seeking to invoke for that purpose the provisions of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention," 9 U.S.C. §§201 to 208[1]).  Lloyd's of London is the defendant in an action brought by Virginia Surety Company, Inc. ("Virginia Surety") to vacate an arbitration award that had been rendered in a dispute between those litigants.  This memorandum opinion and order is issued sua sponte because of what seems to be a surprising jurisdictional question.

It appears to be no accident that the Convention speaks only of "Recognition and <u>Enforcement</u> of Foreign Arbitral Awards," making no reference at all to any proceeding for the vacatur of

_____

[1] All further citations to provisions of Title 9 will simply read "Section --."

such awards (the relief that is being sought by Virginia Surety).
Quite unlike the Federal Arbitration Act ("FAA"), which in its
Section 9 provides for the confirmation of arbitral awards and
which in its Section 10 not only provides expressly for the
vacatur of such awards but also specifies the narrow grounds for
doing so, the Convention is totally silent on the latter subject.

Thus Section 202 defines the bases under which an arbitral
award "falls under the Convention," Section 203 provides district
courts with jurisdiction over "[a]n action or proceeding falling
under the Convention" and Section 205 provides for the removal
from a state court of "an action or proceeding [that] relates to
an arbitration agreement or award falling under the Convention."
But as to any federal court proceedings that Congress has
authorized to address an arbitral award that "falls under the
Convention," Section 207 says only this:

> Within three years after an arbitral award falling
> under the Convention is made, any party to the
> arbitration may apply to any court having jurisdiction
> under this chapter for an order confirming the award as
> against any other party to the arbitration.  The court
> shall confirm the award unless it finds one of the
> grounds for refusal or deferral of recognition or
> enforcement of the award specified in the said
> Convention.

Whatever Congress may have been thinking about when it
codified the subject matter of the Convention (although such
institutional "thought" is a problematic figure of speech), it
certainly said nothing about the subject at hand.  And this
Court's brief search for decisional authority has turned up only

one case (and a nonprecedential one at that, emanating as it did

from a District Court): Tesoro Petroleum Corp. v. Asamera (South

Sumatra) Ltd., 798 F.Supp. 400 (W.D. Tex. 1992).

Although the Tesoro court was initially concerned with

considerations of venue, it then went on to consider the

jurisdictional issue that has figuratively jumped off of the

pages of 9 U.S.C. to strike this Court's eye. After noting the

same statutory provisions that this memorandum opinion and order

has identified, Tesoro, id. at 405 said this:

> This language does not appear to this Court to
> authorize a suit to be initiated for the purpose of
> vacating an arbitral award, but instead sets forth the
> specific, limited circumstances in which, in a suit to
> enforce an award, a court may decline to do so.
> Because the Court does not find that a suit to vacate
> an arbitral award is expressly allowed under the
> Convention, it must now determine whether such a suit
> has been authorized by common law.

And after having then distinguished a single other District Court

opinion that had really not spoken to the issue, Tesoro, id.

concluded:

> Absent stronger authority, and in light of the
> Convention's overriding purpose to encourage the
> recognition and enforcement of arbitration agreements
> in international commerce, this Court simply cannot
> hold that the Convention authorizes a suit to vacate,
> like the one at issue in this case.

Even though that result may seem odd, this Court too is

inclined to take Congress at its word--or, more accurately, its

lack of any word. After all, it is black letter jurisdictional

jurisprudence that federal courts have the power to entertain

only such actions as Congress has authorized. Hence in bringing

Virginia Surety's state court action, its counsel understandably invoked the FAA as the basis for the petition to vacate a part of the arbitral award, and it is well known that the FAA is not itself a fount of federal subject matter jurisdiction.

Accordingly counsel for the parties are ordered to file submissions addressing the issue of subject matter jurisdiction on or before December 9, 2009 (with hard copies to be delivered to this Court's chambers by that same date, to comply with this District Court's standing order and this Court's website dealing with that subject). This action is then set for an initial status hearing at 9 a.m. December 11, 2009.

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 25, 2009