```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

VIRGINIA SURETY COMPANY, INC.,   )
                                 )
              Plaintiff,         )
                                 )
     v.                          )     No.  09 C 7333
                                 )
CERTAIN UNDERWRITERS AT LLOYD'S, )
LONDON,                          )
                                 )
              Defendant.         )

                    MEMORANDUM OPINION AND ORDER

On November 25, 2009 this Court issued its sua sponte memorandum opinion and order ("Opinion") identifying, and directing the litigants to weigh in on, what the Opinion described as "a surprising jurisdictional question." Although the Opinion properly set an accelerated timetable to address what was after all a threshold issue going to the Court's power to entertain the litigation, the matter has been further accelerated by the filing--on the selfsame November 25 date--by Virginia Surety Company, Inc. ("Virginia Surety") of a motion to vacate the arbitration award that forms the gravamen of the lawsuit--a motion set for presentment today, December 2.[1]

In light of that filing, this Court issued a brief November 30 memorandum order that asked both sides' counsel to be

---

[1] Virginia Surety's counsel were obviously unaware of the Opinion when they filed and served their motion. In pre-electronic-filing days, the usual locution was to describe that phenomenon as documents crossing in the mails--in these more technically sophisticated times, it's uncertain what medium of communication should be said to have been "crossed."

prepared to address the threshold jurisdictional issue at today's presentment date. Each side has responded, in a fashion much appreciated by this Court, with a thoughtful submission that gave no hint of its having been prepared in haste or of its being anything other than a thorough, reasoned explanation--a tribute to the quality of lawyering with which both clients have been favored in this action. This Court is therefore in a position to decide the question whether the case is properly before it.

To reiterate once again the conventional wisdom repeated in the Opinion, federal courts have only such powers of decision as Congress has specifically conferred, and any express judicial power to entertain a vacatur of the award at issue here is conspicuously absent from the Convention sought to be invoked by Certain Underwriters at Lloyd's, London ("Lloyd's of London")(9 U.S.C. §§201-208).[2] Indeed, in addition to the nonprecedential District Court opinion in the Tesoro case, which was cited and quoted in the Opinion, this Court has since located this more authoritative confirmation in Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc. ["Yusuf"], 126 F.3d 15, 22 (2d Cir. 1997)(emphasis in original, and numerous citations omitted):

> Indeed, many commentators and foreign courts have concluded that an action to set aside an award can be brought only under the domestic law of the arbitral forum, and can never be made under the Convention.

To counter what appears to be the logical corollary of that

---

[2] Once again, all further citations to provisions of Title 9 will simply read "Section --."

principle, counsel for Lloyd's of London  point in part to a brief snippet from the legislative history of the Convention as purportedly supporting a result under which an action to vacate an award "falling under the Convention" cannot be brought in a federal district court in the first instance but can nevertheless be shoehorned into that same district court's calendar via removal.  But with all respect, that proposed construction of Section 205 as inferentially calling for that odd result does not explain why, if Congress had really intended district courts to entertain efforts to <u>vacate</u> awards falling under the Convention, it did not engage in the normal straightforward enactment of a provision saying just that.  It is truly counterintuitive to ascribe to the drafters of federal legislation such a devious approach to the process of defining the subject matter jurisdiction of the federal courts.

And the same may be said of the principal reliance by Lloyd's of London's counsel on the lengthy opinion in <u>Banco de Santander Cent. Hispano, S.A. v. Consalvi Int'l, Inc.</u>, 425 F.Supp.2d 421 (S.D. N.Y. 2006), which did reach the conclusion now urged by those counsel.  With no disrespect intended to the effort by that opinion's author, this Court finds the extended exegesis there less persuasive than the brief and more direct analysis in <u>HSMV Corp. v. ADI Ltd.</u>, 72 F.Supp.2d 1122, 1127 n.8 (C.D. Cal. 1999), which reached the opposite conclusion and is understandably invoked by counsel for Virginia Surety.

All of the limited caselaw that directly addresses the issue now confronted by this Court--the Tesoro case cited and quoted in the Opinion, Banco de Santander and HSMV--is nonprecedential in nature (that is of course quite unsurprising, given the facts that the issue is indeed jurisdictional and that 28 U.S.C. §1447(d) bars appellate review of remand orders based on the absence of subject matter jurisdiction). This Court finds the result urged by Virginia Surety--one that treats Section 205 as circumscribed by the same boundaries as Section 207 (which limits federal courts' original jurisdiction to actions seeking to confirm, not actions seeking to vacate, arbitral awards)--to be the more persuasive. That result operates on the premise that Congress knew what it was doing--that having deliberately limited original federal court jurisdiction in Section 207, it would not have left to a heavily-inference-dependent approach the possibility of removal to the federal courts of cases that do not come within such original jurisdiction.[3]

Although what has been said to this point is fully dispositive of the matter, it should be emphasized that because the disposition here is indeed based on subject matter jurisdic-

---

[3] Indeed, just this past week our Court of Appeals employed a comparable line of analysis in arbitration jurisprudence (albeit in a quite different context). In Sherwood v. Marquette Transp. Co., No. 09-2045, 2009 WL 4016607, at *2 (7th Cir. Nov. 23) it rejected the existence of appellate jurisdiction where--this time under the Federal Arbitration Act, rather than under the Convention--Congress had conferred such jurisdiction in one scenario, but not in another context that the putative appellant had sought to urge.

tional grounds, this Court neither states nor implies any ruling on the substance of the dispute between the parties. In particular, the Opinion's and this opinion's focus on the inapplicability of the Convention's provisions as a potential jurisdictional foundation--the only possible basis to support removal--should not be mistaken for an added ruling that the Convention does supply the sole grounds upon which Virginia Surety may seek to vacate the arbitration award in the state court--in that respect see <u>Yusuf</u>, 126 F.3d at 20-23, which in part characterizes our own Court of Appeals' opinion in <u>Lander Co. v. MMP Invs., Inc.</u>, 107 F.3d 476, 478 (7th Cir. 1997) as among the cases that agree with the <u>Yusuf</u> approach.

To return to what this Court does rule here, it determines that subject matter jurisdiction is absent in this case. That being so, 28 U.S.C. §1447(c) mandates remand to the state court of origin, and this Court so orders. For that purpose the Clerk of this District Court is ordered to transmit the certified copy of the order of remand forthwith, so that the Circuit Court of Cook County may promptly proceed with the case.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 2, 2009